UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TYRONE HAYWOOD,

                Petitioner,

     -against-

THOMAS R. GRIFFIN,

                Respondent.

----------------------------------------------------------------X

**OPINION AND ORDER**

16 Civ. 3870 (KMK)(JCM)

     Petitioner Tyrone Haywood ("Petitioner") brings a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction following a jury trial in New York State County Court, Westchester County. (Docket No. 2). By letter dated February 10, 2017, Petitioner requests that his petition be stayed and held in abeyance so that he can litigate an additional claim pursuant to New York Criminal Procedure Law § 440.10 to address an alleged *Brady* violation (the "§ 440.10 Motion"). (Docket No. 43). Specifically, Petitioner contends that newly discovered evidence, the purported psychiatric records of L.M., a witness for the prosecution, was improperly suppressed at trial. (Docket Nos. 42, 43). Respondent Thomas R. Griffin ("Respondent") opposes the request. (Docket No. 45). For the reasons set forth below, Petitioner's application is granted.

## I. STANDARD FOR STAY

     In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court clarified the district courts' ability to issue a stay and abeyance of habeas corpus petitions in limited circumstances. The purpose of the stay and abeyance is "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his

perfected petition." *Rhines*, 544 U.S. at 271-72. Thus, as an initial matter, a petitioner must have a mixed petition, one that contains both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277-78 (discussing staying of a mixed petition to permit litigation of unexhausted state claims); *Ortiz v. Heath*, No. 10 Civ. 1492, 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011)[1] ("stay and abeyance procedure applies only to petitions which contain unexhausted claims"). The Court may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (i) good cause exists for failing to exhaust the claims previously, (ii) the claims are potentially meritorious, and (iii) the petitioner did not intentionally engage in dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78 (2005); *Vasquez v. Parrott*, 397 F.Supp.2d 452, 464 (S.D.N.Y. 2005).

## II. DISCUSSION

Petitioner contends that he has filed the § 440.10 Motion[2] to vacate the state criminal conviction that is the subject of his original petition before this Court. (Docket No. 43). Petitioner claims to argue that Respondent's suppression of newly discovered evidence, L.M.'s purported psychiatric records, at his trial constituted a *Brady* violation. (Docket Nos. 42, 43). This new claim is not exhausted and, thus, the Court could not grant relief on it even if it were raised in the petition. *See* 28 U.S.C. § 2254(b)(1)(A). As explained below, the Court concludes that: (i) Petitioner has shown good cause for failing to exhaust this *Brady* claim, and (ii) the *Brady* claim is not plainly meritless. Having so concluded, the Court grants Petitioner's request for a stay and abeyance.

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and other cases, *infra*, only available by electronic database, accompany this Decision and Order and shall be simultaneously delivered to *pro se* Petitioner.

[2] Petitioner has not provided this Court with a copy of the § 440.10 Motion. Accordingly, the Court construes the arguments Petitioner purports to make therein based on what Petitioner has set forth in the instant application. (Docket Nos. 42, 43).

### A. Petitioner Has Shown Good Cause for Failure to Exhaust his *Brady* Claim

Petitioner has shown good cause for not having exhausted his *Brady* claim because, as his submissions state, this claim is based on newly uncovered evidence. (Docket Nos. 42, 43). Petitioner "could not have earlier exhausted a claim based on evidence of which he was unaware [and] [t]his fact satisfies the good cause requirement for a stay under *Rhines*."[3] *Jimenez v. Graham*, No. 11 Civ. 6468 (JPO), 2011 WL 6287999, at *4 (S.D.N.Y. Dec. 14, 2011); *see also Castellanos v. Kirkpatrick*, No. 10 Civ. 5075 (MKB), 2013 WL 3777126, at *2 (E.D.N.Y. July 16, 2013) ("The nature of a *Brady* claim, predicated on failure to disclose material information, makes it particularly suitable for a finding of good cause."). Accordingly, based on the information presented, the Court concludes that Petitioner has shown good cause for failing to exhaust his *Brady* claim.

### B. Petitioner's *Brady* Claim is not Plainly Meritless

*Brady v. Maryland*, 373 U.S. 83 (1963), established that prosecutorial suppression of evidence favorable to a defendant violates due process if the evidence is material to guilt or punishment, regardless of the prosecution's good or bad faith. *Id.* at 87. For suppression to constitute a *Brady* violation, three requirements must be met: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice exists "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

---

[3] Respondent has repeatedly maintained that it never possessed what Petitioner categorizes as newly discovered evidence. (Docket Nos. 41 at 1, 45 at 2). Respondent also disputes the authenticity of the evidence Petitioner has presented. (Docket No. 45 at 3). However, these determinations are properly made by the state court in its review of Petitioner's § 440.10 Motion, and not by the undersigned.

The Supreme Court has also clarified that the duty to disclose such evidence applies even without a request by the accused. *United States v. Agurs*, 427 U.S. 97, 107 (1976). Moreover, *Brady* does not require that the prosecutor personally know of the evidence not provided to the accused; however, prosecutors have a duty to "learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). While the government generally need not turn over evidence of which the defense knew or should have known, *United States v. Torres*, 719 F.2d 549 (2d Cir. 1983), suppression of a prosecution witness's criminal history and further evidence of untruthfulness may qualify as a *Brady* violation. *See Crivens v. Roth*, 172 F.3d 991, 998 (7th Cir. 1999); *United States v. Perdomo*, 929 F.2d 967, 973 (3d Cir. 1991).

Petitioner has apparently asserted in a pending state court proceeding that the prosecution's failure to provide L.M.'s psychiatric records constitutes a *Brady* violation. (Docket Nos. 42, 43). The evidence that Petitioner claims was suppressed by the prosecution may satisfy the three requirements of a *Brady* violation. Upon full briefing, the court may find that the evidence is favorable to Petitioner because it is impeaching of a witnesses against him, and that the prosecution's failure to obtain and present L.M.'s psychiatric records constitutes suppression. Petitioner will have a challenge showing that prejudice resulted from such suppression or, in other words, demonstrating "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682. However, finding that this claim is not plainly meritless, Petitioner may be able to argue a *Brady* violation in state court demonstrating that the evidence withheld was favorable to Petitioner, suppressed by the state, and resulted in prejudice.

Accordingly, because: (i) Petitioner has shown good cause for having failed to exhaust his *Brady* claim in state court; (ii) the claim is not plainly meritless; and (iii) the Court finds that Petitioner has not engaged in dilatory litigation tactics, a stay and abeyance of these proceedings is appropriate under *Rhines v. Weber*.

### III. CONCLUSION

For the foregoing reasons, Petitioner's application for a stay and abeyance pending the litigation of the § 440.10 Motion is granted. Respondent is directed to notify the Court within five days of the state court's decision of the § 440.10 Motion.

Dated:   March 13, 2017
         White Plains, New York

                                        **SO ORDERED:**

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge