UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

TYRONE HAYWOOD,

       Petitioner,

  -against-

THOMAS R. GRIFFIN,

       Respondent.

-----------------------------------------------------------X

**ORDER**

16 Civ. 3870 (KMK)(JCM)

Petitioner Tyrone Haywood ("Petitioner") brings this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction following a jury trial in New York State County Court, Westchester County. (Docket No. 2). By letter dated July 11, 2019, Petitioner requests that his habeas corpus petition be stayed and held in abeyance pending the litigation of his new C.P.L. § 440.10 motion. (Docket No. 107). This is Petitioner's fifth application for a stay. (*See* Docket Nos. 20, 43, 80, 98). On August 27, 2019, Respondent opposed Petitioner's application. (Docket No. 110). For the reasons set forth below, Petitioner's request is denied.

A habeas corpus petition may be stayed to allow for exhaustion of claims in state court if the petitioner has shown that: "(1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics." *Perkins v. LaValley*, No. 11 Civ. 3855(JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).[1]

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Order and shall be simultaneously delivered to the *pro se* Petitioner.

Here, Petitioner fails to satisfy all three components. As an initial matter, Petitioner's claims that Counts One, Two, Seven, and Eight are not supported by the "legal sufficiency of the evidence," (Docket No. 107), concern matters that are record-based, and are thus procedurally barred from being raised on a CPL § 440.10 motion. *See* CPL § 440.10(2).

With respect to Petitioner's alleged *Brady* claims, Petitioner argues that the prosecution "suppressed" and "failed to disclose" certain medical records. (Docket No. 107). First, Petitioner fails to show good cause for not previously exhausting this claim, and does not explain how or when he became aware of the alleged *Brady* violation. *See Jones v. Walsh*, No. 08 Civ. 915(JG), 2008 WL 2064555, at *6 n.4 (E.D.N.Y. May 12, 2008) (denying request for stay where petitioner "has offered no reason for why he failed to exhaust his claims in state court."); *Perkins*, 2012 WL 1948773, at *1 (denying request for stay where petitioner did not explain "when he had notice of the alleged *Brady* violation ... and whether he had such notice prior to the time he filed his original petition.").

Second, Petitioner fails to demonstrate that his *Brady* claim is "potentially meritorious." *Perkins*, 2012 WL 1948773, at *1; *see also Rhines*, 544 U.S. at 278. The court in *Brady* established that prosecutorial suppression of evidence favorable to a defendant violates due process if the evidence is material to guilt or punishment, regardless of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). For suppression to constitute a *Brady* violation, three requirements must be met: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice exists "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding

2

would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner has asserted in a pending state court proceeding that the prosecution's failure to provide L.M.'s[2] medical records constitutes a *Brady* violation. (Docket No. 107). The evidence that Petitioner claims was suppressed by the prosecution does not appear to satisfy the three requirements of a *Brady* violation. Petitioner cannot show that the medical records were suppressed by the State. It is apparent from a February 8, 2017 letter from the State to this Court that the medical records were, in fact, disclosed to Petitioner. (*See* Docket No. 40, explaining that "the medical records of both victims were subpoenaed to the trial court in order to expedite their disclosure to petitioner.").

Even if the medical records were suppressed, Petitioner would not likely be able to show that they contain impeaching evidence, or that he suffered prejudice. Petitioner claims that L.M.'s medical records contradict her testimony that "she is not an addict or alcoholic." (Docket No. 107). Petitioner also claims that the medical records contain evidence that L.M. "performed oral sex on her attacker." (Docket No. 107). Petitioner maintains that "had the jury been made aware of this by the defense, they would've dismissed" Count Two -- attempted criminal sexual act in the first degree. (Docket No. 107). Petitioner further asserts that the "suppressed medical records could've been used to not only attack L.M.'s credibility, but also the charge of rape in the first degree ..." (Docket No. 107).

It is doubtful that the medical records at issue contain evidence which would have questioned L.M.'s credibility. Even assuming the medical records contain any impeaching

---

[2] "In light of New York Civil Rights Law § 50-b, which provides that the identities of the victims of sex offenses be kept confidential by the State," we refer to the victim as L.M. See *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 109 n.4 (2d Cir. 2000).

3

evidence, it is likely that Petitioner would still have been convicted on all counts because the record is replete with evidence of Petitioner's guilt. *See Strickler*, 527 U.S. at 294 (denying *Brady* claim where "the record provides strong support for the conclusion that petitioner would have ben convicted ... even if [witness] had been severely impeached.").

Petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel also fail to satisfy the *Rhines* standard. First, Petitioner fails to show why he did not exhaust these claims in state court in his prior C.P.L. § 440.10 motions. *See Jones*, 2008 WL 2064555, at *6 n.4. Second, because Petitioner's claims regarding prosecutorial misconduct and ineffective assistance of counsel appear to be premised on Petitioner's *Brady* claims, Petitioner fails to show why these claims are not also "plainly meritless." *Rhines*, 544 U.S. at 277. Accordingly, Petitioner's request for a stay is denied without prejudice.

Petitioner also requests that that he receive a copy of his criminal trial transcript. (Docket No. 107). Petitioner fails to show why he is entitled to this. First, it is clear from the record that Petitioner had access to the trial transcript through his counsel during his direct appeal. (*See* Docket No. 28-46, Petitioner's counseled appellate brief for direct appeal citing to trial transcript throughout); *see also McKinnon v. Superintendent, Great Meadow Corr. Facility*, No. 9:06-CV-717(DNH)(RFT), 2007 WL 1531986, at *1 (N.D.N.Y. May 24, 2007) ("The Court finds that Petitioner has not made a showing that his appellate counsel was not provided a complete copy of the trial record and that Petitioner could not gain access to it through his counsel or the state court."). Furthermore, Petitioner has not demonstrated "some reasonably compelling or particularized need" for the trial transcripts. *Id; see also Joshua v. Shriver*, No. 97 Civ, 1877(JGK), 1998 WL 108006, at *1 (S.D.N.Y. March 11, 1998) (denying petitioner's request that he be provided with copies of transcripts where petitioner "has not demonstrated any particularized

showing of need, nor has he specified anything in the transcripts that would support his claims.").
Accordingly, Petitioner's request that he obtain a copy of the trial transcript is denied without prejudice.

The Clerk of Court is requested to mail a copy of this Order to the *pro se* Petitioner.

Dated: December 27, 2019
White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge