UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE HAYWOOD,

               Petitioner,

v.

THOMAS R. GRIFFIN,

               Respondent.

No. 16-CV-3870 (KMK)

ORDER ADOPTING REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

Tyrone Haywood ("Petitioner") has filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his October 20, 2008 conviction, following a jury trial in Westchester County, for two counts of rape in the first degree; one count of criminal sexual act in the first degree; one count of attempted criminal sexual act in the first degree; two counts of assault in the second degree; two counts of assault in the third degree; and two counts of unlawful imprisonment in the second degree. (*See* Pet. For Writ of Habeas Corpus ("Pet.") 1 (Dkt. No. 1).) On appeal, the Appellate Division affirmed the judgment of conviction but remitted the matter to the trial court for resentencing on his convictions of criminal sexual act in the first degree, attempted criminal sexual act in the first degree, assault in the second degree, assault in the third degree, and unlawful imprisonment in the second degree. *See People v. Haywood*, 2 N.Y.S.3d 164 (App. Div. 2014). In doing so, the Appellate Division concluded that the evidence was "legally sufficient to establish [Petitioner's] guilt beyond a reasonable doubt," that Petitioner's merger argument pertaining to his conviction of unlawful imprisonment was "unpreserved for appellate review and, in any event, without merit," that Petitioner's argument that the trial court erred in responding to a jury note was "unpreserved for appellate review and,

in any event without merit," that the trial court properly precluded Petitioner from cross-examining one of the complainants, that Petitioner was not entitled to a handwriting expert, that the trial court was within its discretion to provide an adjournment to the prosecution in order for the prosecution to obtain a material witness, that the charges in the indictment were properly joined, and that Petitioner had legally sufficient legal representation throughout his criminal proceedings. *Id.* (citations and quotation marks omitted). The Appellate Division remitted for resentencing due to "discrepancies" in the sentencing minutes regarding which sentences were to run concurrently with each other. *Id.*

Petitioner was resentenced on April 29, 2015, and the resentencing was affirmed by the Appellate Division. *People v. Haywood*, 30 N.Y.S.3d 837 (Mem) (App. Div. 2016). Petitioner appealed the resentencing, but the New York Court of Appeals denied leave to appeal. *See People v. Haywood*, 27 N.Y.3d 1151 (2016). Subsequently, Petitioner went on to file five separate motions seeking to set aside his conviction pursuant to N.Y. C.P.L. § 440.10. (*See* Dkt. Nos. 28-22, 28-40, 113-1, 113-3, 107.) The first four motions were all denied, (*see* Dkt. Nos. 28-36, 28-43, 77-1, 113-4.) The fifth motion is still pending, but Magistrate Judge Judith C. McCarthy ("Judge McCarthy") properly denied Petitioner's request for a stay on this proceeding until the fifth § 440.10 motion is decided, determining that Petitioner did not show that: "(1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics." *Perkins v. LaValley*, No. 11-CV-3855, 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (citing *Rhines v. Weber*, 554 U.S. 269, 278 (2005)). (*See* Order (Dkt. No. 115).)

Petitioner filed this Petition and related exhibits on May 24, 2016. (Pet.) Respondent filed a Memorandum of Law opposing the Petition on January 11, 2017. (Mem. of Law in

Opp'n to Pet. ("Resp't's Mem.") (Dkt. No. 28).) On March 13, 2017, Judge McCarthy granted a stay pending the litigation of one of Petitioner's earlier § 440.10 motions. (Op. & Order (Dkt. No. 52).) The stay was lifted on May 29, 2018. (Order (Dkt. No. 79).) Following numerous communications from Petitioner making vague and speculative allegations regarding false testimony or tampered evidence and requesting evidentiary hearings or more stays, (*see* Dkt. Nos. 91, 111–14), but no substantive response to the arguments raised in Respondent's Memorandum, on December 27, 2019, Judge McCarthy issued a well-reasoned and thorough Report and Recommendation ("R&R") recommending that this Court deny the Petition in its entirety. (*See* R&R (Dkt. No. 116).)

Judge McCarthy provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 cases, objections to the R&R were due within 14 days from the receipt of the R&R, or 17 days from the receipt of the same if the R&R was served upon the parties by mail, and that the failure to object or to request extensions of time to file objections within the relevant period of time would constitute a waiver of Petitioner's right to appeal. (R&R 49.) On January 6, 2020, Petitioner submitted a letter, attaching the indictment of a Martin Bailey ("Bailey") for four counts: tampering with physical evidence, criminal obstruction of breathing or blood circulation, assault in the third degree, and harassment in the second degree. (Bailey Indictment (Dkt. No. 117 at ECF 4–6).) However, this letter raises no arguments in response to Judge McCarthy's R&R. Indeed, the letter does not indicate why Bailey's indictment is relevant to Petitioner's case, especially since Petitioner's attachment includes a notice to offer evidence in Bailey's case that states that, on September 27, *2019*, at the Westchester County District Attorney's Office, Bailey gave an audio recording of an alleged assault to investigators and stated that he did not know why the recording "abruptly shut off" at a

3

certain point. (Dkt. No. 117 at ECF 7.) Nothing in the indictment is related to Petitioner's case, nor does Petitioner explain why it would be relevant. Indeed, the only connection to Bailey at all is Petitioner's own unsubstantiated allegation that a Mount Vernon detective named Martin Bailey "was setting Petitioner up for his failure to cooperate with a homicide investigation." (R&R 7 (citing to Trial Tr. Oct. 3, 2008 at 21).) Accordingly, the Court concludes that Petitioner has not filed any objections to the R&R.

When no objections are filed, the Court reviews the R&R for clear error. *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008). The Court has reviewed the Petition and R&R, and finding no substantive error, clear or otherwise, adopts the R&R.

Accordingly, it is hereby

ORDERED that the R&R, dated December 27, 2019, is ADOPTED in its entirety.

ORDERED that the Petition is DISMISSED.

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. It is further

ORDERED that the Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

SO ORDERED.

Dated: January 13, 2020
White Plains, New York

KENNETH M. KARAS
United States District Judge